IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JASON MYERS, | : | 1:12-cv-2342 |
|---|---|---|
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| Respondent. | : | |

# MEMORANDUM

### March 8, 2013

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 9), filed on February 14, 2013, which recommends that we dismiss *pro se* Petitioner Jason Myers' 28 U.S.C. § 2254 habeas corpus petition without prejudice to renewal of the petition once Myers has properly exhausted his state remedies. Objections to the R&R were due by March 4, 2013, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

Following a jury trial in May of 2006, Myers was convicted in the Court of Common Pleas of Luzerne County, Pennsylvania of involuntary deviate sexual intercourse, terroristic threats, and simple assault. On August 10, 2006, Myers was sentenced to 8 1/2 to 20 years imprisonment on the involuntary deviate sexual

intercourse conviction, a consecutive 16 month to 5 year sentence on the terroristic threats conviction and a consecutive 12 to 24 month sentence on the simple assault conviction. As noted by Magistrate Judge Carlson, since his sentencing in 2006, Myers has actively litigated the various post-conviction avenues available to him, and is currently engaged in that process. As of the writing of Magistrate Judge Carlson's R&R, Myers' state court post conviction litigation was not yet completed. Thus, as correctly determined by the Magistrate Judge, Myers has not yet exhausted his state court remedies.

It is well-established that state prisoners seeking relief under 28 U.S.C. § 2254 must satisfy precise procedural standards prior to asserting a habeas petition in federal court. Among these prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. *See Whitney v. Horn*, 280 F. 3d 240, 250 (3d Cir. 2002). This exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844
3

(1999). As the United States Supreme Court has observed, "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation." *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

While Myers admits that the claims in his petition are unexhausted, he urges us to stay, rather than dismiss, this procedurally flawed petition. As the United States Supreme Court instructed in *Rhines v. Weber*, 544 U.S. 269, 277 (2005):

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Here, it would be inappropriate to stay Myers petition because he has simply not shown good cause to do so. The "stay and abeyance" procedure adopted by the Supreme Court in *Rhines* was intended to avoid unfair prejudice to habeas petitioners in those limited circumstances where completion of the habeas exhaustion requirement might result in an untimely federal petition under the one-year statute of limitations which applies to habeas petitions under 28 U.S.C. § 2244. *See Heleva v. Brooks*, 581 F. 3d 187, 192 (3d Cir. 2009). Here, Myers has

made no showing that the statute of limitations would bar his litigation of these claims once he has properly exhausted his state remedies. Quite to the contrary, it appears that Myers can fully comply with his exhaustion requirement, without running afoul of the statute of limitations, if he continues to act diligently in pursuing these claims in the Commonwealth's courts.

As we have already mentioned, the Petitioner has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.